### W. T. BRITTON ET AL. V. A. L. MATLOCK ET AL.

#### Decided October 14, 1905.

**1.—Judgment—Limitation.**

A judgment was rendered on December 8, 1893; execution issued for the first time on November 4, 1895; the next execution issued on February 12, 1904. Held, the judgment was barred by ten years' limitation on February 12, 1904, and a sale of property by virtue of an execution issued on that date conveyed no title.

**2.—Same—Appeal—Supersedeas.**

An appeal with supersedeas bond by one of several defendants, suspends the enforcement of the judgment only as to the party appealing, and limitation will begin to run in favor of the other defendants from the date of the judgment.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*D. M. Smith,* for appellants.—Cited, Gruner v. Westin, 66 Texas, 209; Mead v. Bartlett, 77 Texas, 366; Young v. Russell, 60 Texas, 684; Terry v. Cutler, 21 S. W. Rep., 726; First Nat. Bank of Decatur v. Bank, 3 Texas Civ. App., 545.

*W. S. Jameson* and *Matlock, Miller & Dycus,* for appellees.—The execution of a supersedeas bond on appeal suspends the enforcement of a judgment only against the party who perfects his appeal, but it does not suspend or supersede the judgment as to the other defendants and execution may issue and be enforced against them. McFarland v. Howell, 16 Texas Civ. App., 248; Freiburg, Klein & Co. v. Embree, 1 Texas App. Civ. Cases, sec. 1095, p. 616.

The failure of the appellants to have execution issued on the judgment in cause No. 7788, in the District Court of Tarrant County, against the defendants who did not appeal within twelve months after the rendition of the same rendered said judgment dormant as to the defendants who did not appeal, and the recording of said judgment in Montague County on January 24, 1896, after the same had become dormant, created no lien against their property, and the judgment was barred by limitation at the time of the issuance of the execution, on February 12, 1904, under which the appellants purchased the property in controversy. First Nat. Bank of Crockett v. Adams, 72 S. W. Rep., 403; Schneider v. Dorsey, 74 S. W. Rep., 526; Gruner v. Westin, 66

Texas, 217; Adams v. Crosby, 84 Texas, 99; Wilcox v. First Bank, 93 Texas, 332; Woeltz v. Woeltz, 93 Texas, 548; First Nat. Bank of Crockett v. East, 43 S. W. Rep., 558; Hermann v. Likens, 90 Texas, 450; Weems v. Watson, 91 Texas, 36.

STEPHENS, ASSOCIATE JUSTICE.—Appellants deraigned title to the land in controversy through an execution sale made the first Tuesday in March, 1904, under execution issued February 12, 1904, on a judgment rendered in the District Court of Tarrant County December 8, 1893. The appellees were the defendants in this judgment, and the land was levied on as the property of A. L. Matlock. I. A. Meadows, as guardian for the appellants, who were then minors, was plaintiff in the judgment. The cause of action merged in the judgment was one for debt and the foreclosure of a mortgage, given to secure it, on nine hundred acres of land in Montague County (not including, however, the land in controversy). In addition to the appellees, Montague County was a party defendant to the judgment as originally rendered, but on appeal to this court was dismissed from the suit, as will be seen from the report of the case in 31 S. W. Rep., 694. Montague County was made a defendant because she claimed a part of the land covered by the mortgage. In her answer, pleading the privilege of being sued in Montague County, she limited her claims to two hundred acres and disclaimed as to the rest. The trial court overruled her plea to the jurisdiction and rendered judgment against A. L. Matlock and others (not including Montague County) for the debt, with foreclosure of the mortgage against all the defendants; but directed that the land covered by the disclaimer be first sold. Montague County alone appealed from the judgment, but took the case up on a supersedeas bond payable to all other parties. No order of sale or other execution ever issued on the judgment till November 4, 1895, which was more than twelve months after the date of the judgment, but less than twelve months after the reversal and dismissal as to Montague County. More than ten years elapsed between the date of the original judgment and the issuance of the execution under which the land in controversy was sold.

*Conclusions.*—The judgment rendered December 8, 1893, on which execution was issued for the first time November 4, 1895, was barred by ten years limitation February 12, 1904, when the next execution was issued. This appellants seem to concede, unless, as they contend, the execution of the judgment was suspended by the appeal of Montague County. That appeal did suspend the enforcement of the judgment as to the particular two hundred acres of land claimed by her, but we fail to see how it could have interfered with the issuance of an order for the sale of the seven hundred acres covered by her disclaimer. The judgment rendered on this disclaimer was a final judgment between all the parties, and from it no appeal was taken by any of them. A complete severance was thus made of the claim of Montague County from the matters in controversy between the other parties, and evidently she did not intend to appeal from a judgment rendered in accordance with her own disclaimer, and in which consequently she had ceased to have any interest. It was wholly immaterial that the supersedeas bond named all other parties as obligees. This was

doubtless done to save any question as to the legal sufficiency of the bond, in obedience to the suggestion of Chief Justice Stayton in one of the reported cases.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.